No. 25-30189


**IN THE
UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

---

Liberty Mutual Insurance Company,

Plaintiff – Appellee

v.

Royal White Cement, Incorporated

Defendant – Appellant

---

On Appeal from
United States District Court for the Eastern District of Louisiana
2:23-CV-3258

---

**RECORD EXCERPTS OF APPELLANT**
ROYAL WHITE CEMENT, INCORPORATED

---

## **INDEX**

1. Docket Sheet
        (ROA.25-30189.1-8)

2. RWC Coverage Opinion [57] and Judgment [58]
        (ROA.25-30189.9-24)

3. Notice of Appeal
        (ROA.25-30189.25-26)

Respectfully submitted,

/S/Harry E. Morse
Bohman Morse, LLC
400 Poydras Street, Suite 2050
New Orleans, Louisiana 70130

Cayce Petersen
JJC Law, LLC
111 Veterans Memorial Boulevard
Metairie, Louisiana 70005

## **Certificate of Service**

I hereby certify that on Wednesday, July 2, 2025, an electronic copy of

the *Record Excerpts* were filed with the Clerk of Court for the United States

Court of Appeals for the Fifth Circuit suing the appellate CM/ECF system,

which will serve all counsel.

# Tab 1

**Query     Reports     Utilities     Help     Log Out**

# U.S. District Court
## Eastern District of Louisiana (New Orleans)
## CIVIL DOCKET FOR CASE #: 2:23-cv-03258-BSL-DPC

Liberty Mutual Insurance Company v. Royal White Cement, Inc.
Assigned to: Judge Brandon S. Long
Referred to: Magistrate Judge Donna Phillips Currault
Case in other court: USCA, 25-30189
Cause: 28:2201 Declaratory Judgment (Insurance)

Date Filed: 08/09/2023
Date Terminated: 02/24/2025
Jury Demand: Defendant
Nature of Suit: 110 Insurance
Jurisdiction: Federal Question

**Plaintiff**

**Liberty Mutual Insurance Company**                 represented by   **Robert A. Mahtook , Jr.**
Mahtook & LaFleur (Lafayette)
600 Jefferson St.
Suite 1000
P. O. Box 3089
Lafayette, LA 70502
337-266-2189
Email: rmahtook@mandllaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kaliste Joseph Saloom , IV**
Mahtook & LaFleur, L.L.C.
600 Jefferson Street
Ste #1000
Lafayette, LA 70501
337-266-2189
Email: jsaloom@mandllaw.com
*ATTORNEY TO BE NOTICED*

**Kay Austin Theunissen**
Mahtook & LaFleur (Lafayette)
600 Jefferson St.
Suite 1000
P. O. Box 3089
Lafayette, LA 70502
337-266-2189
Fax: 337-266-2303
Email: ktheunissen@mandllaw.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Royal White Cement, Inc.**                 represented by   **Cayce Peterson**
JJC Law LLC

ROA.25-30189.1

111 Veterans Memorial Blvd.
Heritage Plaza, Suite 810
Metairie, LA 70005
504-513-8820
Email: cayce@jjclaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Harry E. Morse**
Bohman Morse LLC
LA
400 Poydras Ste 2050
New Orleans, LA 70130
504-930-4030
Email: harry@bohmanmorse.com
*ATTORNEY TO BE NOTICED*

**Jeffrey Green**
JJC Law LLC
111 Veterans Memorial Blvd.
Suite 810
Metairie, LA 70005
504-513-8820
Fax: 504-513-8824
Email: Jeff@JJClaw.com
*ATTORNEY TO BE NOTICED*

**Martin S. Bohman**
Bohman Morse, LLC
400 Poydras Street
Suite 2050
New Orleans, LA 70130
504-930-4022
Fax: 888-217-2744
Email: martin@bohmanmorse.com
*ATTORNEY TO BE NOTICED*

**Counter Claimant**

**Royal White Cement, Inc.**                represented by   **Cayce Peterson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Harry E. Morse**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jeffrey Green**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Martin S. Bohman**
(See above for address)
*ATTORNEY TO BE NOTICED*

ROA.25-30189.2

V.

**Counter Defendant**

| | | |
|---|---|---|
| **Liberty Mutual Insurance Company** | represented by | **Robert A. Mahtook , Jr.** |
| | | (See above for address) |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |
| | | |
| | | **Kaliste Joseph Saloom , IV** |
| | | (See above for address) |
| | | *ATTORNEY TO BE NOTICED* |
| | | |
| | | **Kay Austin Theunissen** |
| | | (See above for address) |
| | | *ATTORNEY TO BE NOTICED* |

| Date Filed | # | Docket Text |
|---|---|---|
| 08/09/2023 | 1 | COMPLAINT against Royal White Cement, Inc. (Filing fee $ 402 receipt number ALAEDC-10072615) filed by Liberty Mutual Insurance Company. (Attachments: # 1 Civil Cover Sheet, # 2 Summons)Attorney Robert A. Mahtook, Jr added to party Liberty Mutual Insurance Company(pty:pla).(Mahtook, Robert) (Entered: 08/09/2023) |
| 08/09/2023 | 2 | Initial Case Assignment to Judge Jay C. Zainey and Magistrate Judge Karen Wells Roby. (mb) (Entered: 08/09/2023) |
| 08/09/2023 | 3 | Summons Issued as to Royal White Cement, Inc. (mmm) (Entered: 08/09/2023) |
| 08/11/2023 | 4 | ORDER TRANSFERRING CASE. Case transferred to Judge Wendy B Vitter and Magistrate Judge Donna Phillips Currault. Judge Jay C. Zainey, Magistrate Judge Karen Wells Roby no longer assigned to case. Signed by Judge Jay C. Zainey on 8/10/2023. (mmm) (Entered: 08/11/2023) |
| 08/14/2023 | 5 | ORDER - On August 9, 2023, Liberty Mutual Insurance Company ("Liberty Mutual"), filed a Complaint for Declaratory Judgment in this Court against Royal White Cement, Inc., asserting that the Court has diversity jurisdiction over its claims based upon 28 U.S.C. § 1332(a)(1). The Complaint, however, fails to adequately allege the citizenship of the parties. Accordingly, IT IS HEREBY ORDERED that plaintiff, Liberty Mutual Insurance Company, shall have seven (7) days from the date of this Order to file a disclosure statement pursuant to Fed. R. Civ. P. 7.1(a)(2)6 and to file a comprehensive amended complaint, without further leave of Court, properly setting forth the citizenship particulars of all of the parties, as required to establish that the Court has diversity jurisdiction over this case under 28 U.S.C. § 1332(a). Signed by Judge Wendy B Vitter on 8/14/23.(cg) (Entered: 08/14/2023) |
| 08/18/2023 | 6 | AMENDED COMPLAINT *filed pursuant to Order, rec. doc. 5* against Royal White Cement, Inc. filed by Liberty Mutual Insurance Company. (Attachments: # 1 Exhibit A, # 2 Rule 7.1 Disclosure Statement)(Mahtook, Robert) Modified text on 8/21/2023 (mmv). (Entered: 08/18/2023) |
| 08/18/2023 | 7 | Statement of Corporate Disclosure by Liberty Mutual Insurance Company identifying Corporate Parent LMHC Massachusetts Holdings Inc., Corporate Parent Liberty Mutual Holding Company Inc., Corporate Parent Liberty Mutual Group Inc. for Liberty Mutual Insurance Company. (mmv) (Entered: 08/21/2023) |

ROA.25-30189.3

| 08/21/2023 | 8 | Correction of Docket Entry by Clerk re 6 Amended Complaint. **The Corporate Disclosure Statement should be filed as a separate docket entry instead of an attachment to the Amended Complaint so that the Corporate Parents could be added. Clerk took corrective action by separating this attachment, docketing it as a separate entry and adding corporate parents.** (mmv) (Entered: 08/21/2023) |
| 08/28/2023 | 9 | **DEFICIENT** WAIVER OF SERVICE Returned Executed; waiver sent to Royal White Cement, Inc. on 8/11/2023, answer due 10/10/2023. (Mahtook, Robert) Modified on 8/29/2023 (mmv). (Entered: 08/28/2023) |
| 08/28/2023 | 10 | **DEFICIENT** WAIVER OF SERVICE Returned Executed; waiver sent to Royal White Cement, Inc. on 8/18/2023, answer due 10/17/2023. (Mahtook, Robert) Modified on 8/29/2023 (mmv). (Entered: 08/28/2023) |
| 08/29/2023 | 11 | WAIVER OF SERVICE Returned Executed; waiver sent to Royal White Cement, Inc. on 8/11/2023, answer due 10/10/2023. (Mahtook, Robert) Modified text on 8/29/2023 (mmv). (Entered: 08/29/2023) |
| 08/29/2023 | 12 | WAIVER OF SERVICE Returned Executed re: Amended Complaint; waiver sent to Royal White Cement, Inc. on 8/18/2023, answer due 10/17/2023. (Mahtook, Robert) Modified text on 8/29/2023 (mmv). (Entered: 08/29/2023) |
| 08/29/2023 | 13 | Correction of Docket Entry by Clerk re 11 Waiver of Service Executed. **Document contains incorrect Section and Magistrate Judge. All future pleadings must reflect Section D, Judge Wendy B. Vitter and Division 2, Magistrate Judge Donna Phillips Currault.** (mmv) (Entered: 08/29/2023) |
| 10/12/2023 | 14 | **DEFICIENT** ANSWER to 1 Complaint, 6 Amended Complaint, with Jury Demand , ANSWER to 1 Complaint, 6 Amended Complaint, with Jury Demand , COUNTERCLAIM with Jury Demand against Liberty Mutual Insurance Company by Royal White Cement, Inc.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)Attorney Cayce Peterson added to party Royal White Cement, Inc(pty:dft).(Peterson, Cayce) Modified on 10/12/2023 (mmv). (Entered: 10/12/2023) |
| 10/12/2023 | 15 | Rule 7.1 Disclosure Statement/Statement of Corporate Disclosure by Royal White Cement, Inc. (Peterson, Cayce) Modified text on 10/12/2023 (mmv). (Entered: 10/12/2023) |
| 10/12/2023 | 16 | ANSWER to 1 Complaint, 6 Amended Complaint, with Jury Demand and COUNTERCLAIM with Jury Demand against Liberty Mutual Insurance Company by Royal White Cement, Inc. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C) (Peterson, Cayce) Modified text on 10/12/2023 (mmv). (Entered: 10/12/2023) |
| 10/13/2023 | 17 | NOTICE OF HEARING. A call-in scheduling conference is set for 11/16/2023 09:00 AM before case manager by telephone. By Clerk. Please follow the dial-in instructions provided in this notice.(mmv) (Entered: 10/13/2023) |
| 10/31/2023 | 18 | ANSWER to 16 Counterclaim with Jury Demand by Liberty Mutual Insurance Company. (Mahtook, Robert) Modified text on 10/31/2023 (mmv). (Entered: 10/31/2023) |
| 11/03/2023 | 19 | RE-NOTICE OF HEARING. Due to a conflict on the Court's calendar, the call-in scheduling conference is reset for 11/27/2023 01:00 PM before case manager by telephone. By Clerk. Please follow the dial-in instructions provided in this notice.(mmv) (Entered: 11/03/2023) |
| 11/13/2023 | 20 | MOTION for Partial Summary Judgment by Royal White Cement, Inc.. Motion(s) will be submitted on 11/28/2023. (Attachments: # 1 Statement of Contested/Uncontested Facts, # 2 Memorandum in Support, # 3 Notice of Submission, # 4 Exhibit A, # 5 Exhibit B) (Peterson, Cayce) Responses due by 11/20/2023 (mmv). (Entered: 11/13/2023) |

ROA.25-30189.4

| 11/15/2023 | 21 | EXPARTE/CONSENT MOTION for Extension of Deadlines to Respond re doc 20 Partial Motion for Summary Judgment by Liberty Mutual Insurance Company. (Attachments: # 1 Proposed Order)(Mahtook, Robert) Modified text on 11/16/2023 (cs). (Entered: 11/15/2023) |
| --- | --- | --- |
| 11/17/2023 | 22 | ORDER: IT IS HEREBY ORDERED that the 21 Motion is GRANTED. Pursuant to Local Rule 7.8, Liberty Mutual Insurance Company shall have an additional 14 days, or until December 4, 2023, to file a responsive pleading to Royal White Cement, Inc.'s 20 Motion for Partial Summary Judgment. IT IS FURTHER ORDERED that the submission date of the 20 Motion for Partial Summary Judgment is RESET for December 12, 2023. Signed by Judge Wendy B Vitter on 11/17/2023.(mmv) (Entered: 11/17/2023) |
| 11/21/2023 | 23 | RE-NOTICE OF HEARING. Due to another conflict on the Court's calendar the call-in scheduling conference is reset for 11/29/2023 01:00 PM before case manager by telephone. By Clerk. Please follow the dial-in instructions provided in this notice.(mmv) (Main Document 23 replaced on 11/21/2023) (mmv). Modified text to correct conference date on 11/21/2023 (mmv). (Entered: 11/21/2023) |
| 11/29/2023 | 24 | SCHEDULING ORDER as set forth in document: Jury Trial set for 6/10/2024 09:00 AM before Judge Wendy B Vitter. Final Pretrial Conference set for 5/23/2024 10:00 AM before Judge Wendy B Vitter. Telephone Status Conference set for 12/20/2023 03:00 PM before Judge Wendy B Vitter. All discovery must be completed by 3/25/2024. Signed by Judge Wendy B Vitter on 11/29/2023. (Attachments: # 1 Rule 7.1 Disclosure Form, # 2 Pretrial Notice Form)(mmv) (Entered: 11/29/2023) |
| 12/04/2023 | 25 | RESPONSE/MEMORANDUM in Opposition filed by Liberty Mutual Insurance Company re 20 MOTION for Partial Summary Judgment . (Mahtook, Robert) (Entered: 12/04/2023) |
| 12/11/2023 | 26 | EXPARTE/CONSENT MOTION for Leave to File *Reply Memo in Support of rec. doc. 20* by Royal White Cement, Inc. (Attachments: # 1 Proposed Order, # 2 Proposed Pleading-Reply Memo)(Peterson, Cayce) Modified text on 12/11/2023 (mmv). (Entered: 12/11/2023) |
| 12/11/2023 | 27 | TEXT ORDER (No PDF Document Attached) Granting 26 Motion for Leave to File Reply. The Clerk's Office is directed to file the Reply brief (R. Doc. 26-2) into the record in this matter. Signed by Judge Wendy B Vitter on 12/11/23. (fml) (Entered: 12/11/2023) |
| 12/11/2023 | 28 | Reply Memorandum filed by Royal White Cement, Inc., in Support of 20 MOTION for Partial Summary Judgment. (mmv) (Entered: 12/11/2023) |
| 12/20/2023 | 29 | TEXT ORDER (No PDF Document Attached) The telephone status conference scheduled on December 20, 2023 at 3:00 p.m. is CANCELED to be reset at a later date. Signed by Judge Wendy B Vitter.(mf) (Entered: 12/20/2023) |
| 12/21/2023 | 30 | MOTION for Summary Judgment by Liberty Mutual Insurance Company. Motion(s) will be submitted on 1/9/2024. (Attachments: # 1 Memorandum in Support, # 2 Exhibit, # 3 Statement of Contested/Uncontested Facts, # 4 Notice of Submission, # 5 Request for Oral Argument)(Mahtook, Robert) Responses due by 1/1/2024 (mmv). (Entered: 12/21/2023) |
| 12/21/2023 | 31 | Request/Statement of Oral Argument by Liberty Mutual Insurance Company regarding 30 MOTION for Summary Judgment . (mmv) (Entered: 12/21/2023) |
| 12/21/2023 | 32 | NOTICE regarding Oral Argument re 30 MOTION for Summary Judgment filed by Liberty Mutual Insurance Company. By Clerk.(mmv) Modified text on 12/21/2023 (mmv). (Entered: 12/21/2023) |
| 12/21/2023 | 33 | Correction of Docket Entry by Clerk re 30 MOTION for Summary Judgment . **Filing attorney attached a Request/Statement for Oral Argument to this motion instead of filing it |

|  |  | as a separate entry. Clerk took corrective action by separating the request and docketing it as a separate entry. All future requests for oral argument must be filed separately.** (mmv) (Entered: 12/21/2023) |
|---|---|---|
| 12/27/2023 | 34 | EXPARTE/CONSENT MOTION to Continue Submission Date re: Liberty Mutual's Motion for Summary Judgment, rec. doc. 30 by Royal White Cement, Inc. (Attachments: # 1 Proposed Order)(Morse, Harry) Modified text on 12/27/2023 (mmv). (Entered: 12/27/2023) |
| 12/28/2023 | 35 | ORDER TRANSFERRING CASE. Case transferred to Judge Brandon S. Long. Judge Wendy B Vitter no longer assigned to case. Signed by Chief Judge Nannette Jolivette Brown on 12/27/2023.(lag) (Entered: 12/28/2023) |
| 01/02/2024 | 36 | ORDER: IT IS ORDERED that Defendant Royal White Cement, Inc.'s unopposed motion to continue the January 9, 2024 submission date on Plaintiff Liberty Mutual Insurance Company's motion for summary judgment is GRANTED. The submission date on Liberty Mutual's motion is continued to January 23, 2024. Royal White's opposition to Liberty Mutual's motion is due on January 15, 2024. Signed by Judge Brandon S. Long on 01/02/2024.(js) (Entered: 01/03/2024) |
| 01/15/2024 | 37 | RESPONSE/MEMORANDUM in Opposition filed by Royal White Cement, Inc. re 30 MOTION for Summary Judgment . (Attachments: # 1 Statement of Contested/Uncontested Facts, # 2 Exhibit 1)(Peterson, Cayce) (Entered: 01/15/2024) |
| 01/19/2024 | 38 | REPLY to Response to Motion filed by Liberty Mutual Insurance Company re 30 MOTION for Summary Judgment. (Mahtook, Robert) Modified text/event on 1/22/2024 (js). (Entered: 01/19/2024) |
| 02/23/2024 | 39 | Witness and Exhibit List by Royal White Cement, Inc.. (Morse, Harry) (Entered: 02/23/2024) |
| 02/23/2024 | 40 | Witness and Exhibit List by Liberty Mutual Insurance Company. (Mahtook, Robert) (Entered: 02/23/2024) |
| 04/19/2024 | 41 | ORDERED that counsel shall contact the chambers of Magistrate Judge Currault no later than 4/22/2024, for the purpose of scheduling a settlement conference that should be held no later than 5/9/2024. Signed by Judge Brandon S. Long on 4/18/2024.(blg) (Entered: 04/19/2024) |
| 04/23/2024 | 42 | ORDER: IT IS ORDERED that a video Settlement Conference is scheduled for TUESDAY, MAY 7, 2024, at 9:00 a.m., before Magistrate Judge Donna Phillips Currault. At least two (2) full business days before the conference, each party shall provide a confidential, concise position letter or memorandum no longer than four (4) pages double-spaced, to Chambers via e-mail. It is the duty of the parties to notify my Chambers if this case is continued, settled, or otherwise disposed of prior to the date of the scheduled settlement conference. Signed by Magistrate Judge Donna Phillips Currault on 4/22/2024. (alm) (NEF: Section O) (Entered: 04/23/2024) |
| 05/07/2024 | 43 | Minute Entry for proceedings held before Magistrate Judge Donna Phillips Currault: Status Conference held on 5/7/2024. To allow those parties additional time to conclude negotiations, the settlement conference previously scheduled for today is CONTINUED to THURSDAY, MAY 23, 2024, at 2:00 p.m. The parties must comply with the provisions of my Order dated April 23, 2024. ECF No. 42 . (alm) (NEF: Section O) (Entered: 05/07/2024) |
| 05/16/2024 | 44 | PRETRIAL MEMORANDUM by Liberty Mutual Insurance Company. (Mahtook, Robert) (Entered: 05/16/2024) |

| 05/23/2024 | 45 | Minute Entry for proceedings held before Magistrate Judge Donna Phillips Currault: Settlement Conference held on 5/23/2024. However, due to incomplete ongoing negotiations in a related case, the parties were not in a position to engage in meaningful settlement discussions at this time. (lb)(NEF Sec O) (Entered: 05/23/2024) |
| --- | --- | --- |
| 06/02/2024 | 46 | EXPARTE/CONSENT Joint MOTION to Continue *Trial* by Royal White Cement, Inc., Liberty Mutual Insurance Company. (Attachments: # 1 Proposed Order)(Morse, Harry) Modified filers on 6/3/2024 (js). (Entered: 06/02/2024) |
| 06/03/2024 | 47 | ORDER: IT IS ORDERED that the 46 joint motion to continue trial is GRANTED. See FED. R. CIV. P. 16(b)(4). The June 10, 2024 trial is CONTINUED. The Court's case manager will notice a scheduling conference to select a new trial date. Signed by Judge Brandon S. Long on 06/03/2024.(js) (Entered: 06/03/2024) |
| 06/24/2024 | 48 | NOTICE of Hearing: Scheduling Conference set for 07/11/2024 10:00 AM before case manager by telephone. Issued for the Court by Clerk.(js) (Entered: 06/24/2024) |
| 07/11/2024 | 49 | SCHEDULING ORDER: Final Pretrial Conference set for 1/8/2025 10:30 AM before Judge Brandon S. Long. Status Conference set for 12/12/2024 10:30 AM before Judge Brandon S. Long. 1 day Jury Trial set for 1/27/2025 09:00 AM before Judge Brandon S. Long. All discovery must be completed by 11/13/2024. Issued for the Court by Clerk. (Attachments: # 1 Pretrial Notice Form)(js) (Entered: 07/12/2024) |
| 07/16/2024 | 50 | ORDER: IT IS ORDERED that a status conference is hereby scheduled on THURSDAY, JULY 18, at 4:00 p.m. The status conference will be held via video conference, and a log-in invitation will be emailed to counsel. Signed by Magistrate Judge Donna Phillips Currault on 7/16/2024. (alm) (Entered: 07/16/2024) |
| 07/18/2024 | 51 | Minute Entry for proceedings held before Magistrate Judge Donna Phillips Currault: Status Conference held on 7/18/2024. The court instructed the parties to confer with one another and notify Chambers staff whether there is unanimous consent under § 636(c) on or before MONDAY, JULY 22, 2024. (alm) (NEF: Section O) (Entered: 07/19/2024) |
| 10/08/2024 | 52 | Witness and Exhibit List by Royal White Cement, Inc. (Morse, Harry) Modified text on 10/9/2024 (meb). (Entered: 10/08/2024) |
| 10/10/2024 | 53 | Witness and Exhibit List by Liberty Mutual Insurance Company. (Mahtook, Robert) (Entered: 10/10/2024) |
| 10/11/2024 | 54 | Correction of Docket Entry by Clerk re 53 Witness and Exhibit List - Name of attorney who electronically filed this document does not match name of signatory attorney on pleading. The user log-in and password serve as the required signature for purposes of Rule 11 of the FRCP. No further action is necessary. (gla) (Entered: 10/11/2024) |
| 12/04/2024 | 55 | Joint STATUS REPORT by Liberty Mutual Insurance Company, Royal White Cement, Inc. (Morse, Harry) Modified text on 12/5/2024 (meb). (Entered: 12/04/2024) |
| 12/12/2024 | 56 | Minute Entry and Order for proceedings held before Judge Brandon S. Long: Status Conference held on 12/12/2024. IT IS ORDERED that the January 8, 2025 pretrial conference and the January 27, 2025 jury trial are CANCELLED. The case will be submitted on the pending cross-motions for summary judgment. Signed by Judge Brandon S. Long on 12/12/2024. (js) (Entered: 12/12/2024) |
| 02/24/2025 | 57 | ORDER AND REASONS: IT IS ORDERED that Royal White's 20 motion for partial summary judgment is DENIED, and Liberty Mutual's 30 motion for summary judgment is GRANTED. Royal White's counterclaim is DISMISSED WITH PREJUDICE. A final judgment will follow in accordance with Federal Rule of Civil Procedure 58. Signed by Judge Brandon S. Long on 02/24/2025. (js) (Entered: 02/24/2025) |

| 02/24/2025 | 58 | JUDGMENT: IT IS ORDERED AND ADJUDGED that judgment is entered in favor of Liberty Mutual and against Royal White. In accordance with the Declaratory Judgment Act, 28 U.S.C. § 2201(a), the Court DECLARES that (1) Liberty Mutual's marine-cargo-insurance policy does not provide coverage for the demurrage charges assessed against Royal White; and (2) no amounts are owed by Liberty Mutual to Royal White for demurrage under that policy. Each party will bear its own costs. Signed by Judge Brandon S. Long on 02/24/2025.(js) (Entered: 02/24/2025) |
|---|---|---|
| 03/25/2025 | 59 | NOTICE OF APPEAL by Royal White Cement, Inc. as to 58 Judgment. (Filing fee $ 605 receipt number ALAEDC-10932865) (Morse, Harry) Modified text on 3/26/2025 (meb). (Entered: 03/25/2025) |
| 04/08/2025 | 60 | APPEAL TRANSCRIPT REQUEST by Royal White Cement, Inc. re 59 Notice of Appeal. (No hearings) (Morse, Harry) (Entered: 04/08/2025) |
| 04/09/2025 | 61 | USCA Case Number 25-30189 appealed to United States Fifth Circuit for 59 Notice of Appeal filed by Royal White Cement, Inc. (meb) (Entered: 04/09/2025) |
| 04/25/2025 | 62 | Electronic Record on Appeal Access Granted to Robert A. Mahtook, Jr, Kaliste Joseph Saloom, IV, Cayce Peterson re 59 Notice of Appeal. USCA Case Number 25-30189. Instructions for access are posted on http://www.ca5.uscourts.gov/docs/default-source/forms/instructions-for-electronic-record-download-feature-of-cm.pdf (djs) (Entered: 04/28/2025) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 07/02/2025 15:01:47 | | |
| **PACER Login:** acfowlkes | **Client Code:** | |
| **Description:** Docket Report | **Search Criteria:** | 2:23-cv-03258-BSL-DPC |
| **Billable Pages:** 7 | **Cost:** | 0.70 |

ROA.25-30189.8

# Tab 2

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LIBERTY MUTUAL INSURANCE COMPANY** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-3258** |
| **ROYAL WHITE CEMENT, INC.** | **SECTION "O"** |

### ORDER AND REASONS

Before the Court in this marine-insurance-coverage case are cross-motions[1] for summary judgment by Plaintiff Liberty Mutual Insurance Company and Defendant Royal White Cement, Inc. At issue is coverage for "demurrage"—a penalty assessed against a vessel charterer for delays loading or unloading cargo. Here, vessel charterer Royal White was charged demurrage because of delay caused by the spilling of the vessel's cement-bag cargo. Royal White sought coverage for that demurrage under a Liberty Mutual cargo-insurance policy. But Liberty Mutual denied demurrage coverage, pointing to (among other provisions) an exclusion for "expense arising from delay." The parties agree that the cross-motions raise no factual dispute; they present just one question of law: Does the policy cover the demurrage Royal White incurred due to delays stemming from the vessel's spilled cargo? It does not. The policy unambiguously excludes coverage for "expense arising from delay," and demurrage expense—by definition—arises from delay. Accordingly, for these reasons and those that follow, Royal White's motion for partial summary judgment is **DENIED** and Liberty Mutual's motion for summary judgment is **GRANTED**.

---

[1] ECF No. 20; ECF No. 30.

## I.    BACKGROUND

This case concerns marine-cargo-insurance coverage for demurrage that Royal White Cement, charterer of the M/V WECO HOLLI, incurred because of delays traceable to the spilling of the M/V WECO HOLLI's cement-bag cargo.[2]

The material facts are simple, undisputed, and few. Royal White chartered the M/V WECO HOLLI to transport cement-bag cargo from Egypt to Houston, with a stop in New Orleans.[3] Some of the cement would be discharged in New Orleans; the rest would be discharged in Houston.[4] The charter party between Royal White and the vessel owner required Royal White to pay the vessel owner for cargo demurrage.[5]

The vessel arrived in New Orleans without issue.[6] Some of the cargo was unloaded there; the rest would be unloaded in Houston.[7] En route to Houston, some cement spilled in the hold of the vessel, requiring cleaning.[8] That cleaning in turn delayed discharge operations.[9] The vessel owner charged Royal White over $738,000 for demurrage because of the delay stemming from the spilled cement-bag cargo.[10]

Liberty Mutual issued Royal White a marine-cargo-insurance policy endorsed to cover the specific shipment of the cement-bag cargo.[11] Subject to "warranties or

---

[2] *See generally* ECF No. 6.
[3] ECF No. 20-1 at ¶ 2; ECF No. 30-3 at ¶ 12; ECF No. 37-1 at ¶ 12.
[4] *Id.*; *see also* ECF No. 20-4 at 1.
[5] ECF No. 20-1 at ¶ 4; *see also* ECF No. 20-4 at 16 cl. 57.
[6] ECF No. 20-1 at ¶ 6.
[7] *Id.*
[8] ECF No. 30-3 at ¶ 14; ECF No. 37-1 at ¶ 14.
[9] ECF No. 30-3 at ¶ 15; ECF No. 37-1 at ¶ 15 (denying that the policy excludes coverage for the demurrage, but admitting that Royal White incurred the demurrage "as a result of holding the [vessel] at the dock while clean[ing] the spilled cargo from the vessel").
[10] ECF No. 20-1 at ¶ 8; ECF No. 30-3 at ¶ 15; ECF No. 37-1 at ¶ 15 (denying that the policy excludes coverage for the demurrage, but admitting that Royal White incurred the demurrage "as a result of holding the [vessel] at the dock while clean[ing] the spilled cargo from the vessel").
[11] *See* ECF No. 16-1 (policy); *see also* ECF No. 16-3 (endorsement covering the shipment).

ROA.25-30189.10

exclusions," that policy insured Royal White "[a]gainst all risks of physical loss or damage from any external cause irrespective of percentage . . . ."[12] Four features of the all-risk policy bear on the cross-motions for summary judgment before the Court.

*First*, the policy covers sue-and-labor expenses. To that end, the policy includes a sue-and-labor clause that provides in relevant part as follows:

> In case of any loss or misfortune, it shall be lawful and necessary to and for The Insured, his or their factors, servants and assigns, to sue, labor and travel for, in and about the defense, safeguard and recovery of the goods insured, or any part thereof, without prejudice to this insurance.[13]

*Second*, the policy repeatedly and expressly excludes coverage for expenses arising from delay. As just one example, the policy's delay-and-inherent-vice provision expressly excludes coverage for expense arising from delay:

> This policy is warranted free from claims for loss of market or loss, damage, deterioration, and expense arising from delay, whether caused by a peril insured against or otherwise, including from inherent vices (or nature) of the insured good(s) itself.[14]

*Third*, the policy mentions demurrage by name in just one provision that expressly covers demurrage in one limited circumstance—when demurrage is assessed for the late return of containers retained at Liberty Mutual's instruction:

> This policy shall cover demurrage charges and/or late penalties assessed against and paid by The Insured for late return of containers when said containers are retained by The Insured at the instruction of The Company for inspection by The Company's surveyor in investigation of loss or damage recoverable under this policy.[15]

---

[12] ECF No. 16-1 at 2 ¶ 6(a).
[13] *Id.* at 15 at ¶ 29.
[14] *Id.* at 20 at ¶ 40.
[15] *Id.* at 23 ¶ 52.

ROA.25-30189.11

*Fourth and finally*, the policy features a choice-of-law clause. That clause instructs that "the rights and obligations" of the parties under the policy "shall be governed by the federal maritime common law of the United States or, in the absence of controlling federal maritime common law of the United States, the law of the state of New York, irrespective of any principles of choice of law."[16]

Royal White sought coverage from Liberty Mutual under the policy for the demurrage it was charged because of delay stemming from the cement-bag cargo spillage. Liberty Mutual denied that demurrage-coverage claim.[17] Still, Liberty Mutual paid Royal White "nearly $850,000" under other coverages.[18]

This declaratory-judgment action followed. Liberty Mutual sued Royal White for a declaration that the policy does not cover the demurrage charges assessed against Royal White.[19] Royal White then brought a counterclaim against Liberty Mutual for breaching the policy by denying coverage for the demurrage charges.[20]

Now, Liberty Mutual and Royal White cross-move for summary judgment on Royal White's declaratory-judgment request and on Liberty Mutual's breach-of-contract counterclaim.[21] The cross-motions turn on the purely legal question whether Liberty Mutual's policy covers the demurrage charges assessed against Royal White.

---

[16] *Id.* at 28 ¶ 69.
[17] ECF No. 30-3 at ¶ 17; ECF No. 37-1 at ¶ 17.
[18] ECF No. 30-3 at ¶ 16; ECF No. 37-1 at ¶ 16.
[19] ECF No. 6.
[20] ECF No. 16 at 6–11.
[21] ECF No. 20; ECF No. 30.

ROA.25-30189.12

## II.    LEGAL STANDARD

The Court "shall grant summary judgment if the movant shows that there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "A dispute is genuine if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Perry v. VHS San Antonio Partners, L.L.C.*, 990 F.3d 918, 926 (5th Cir. 2021) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "A fact is material if it 'might affect the outcome of the suit.'" *Id.* (quoting *Anderson*, 477 U.S. at 248).

The movant has the initial burden to show that there is no genuine dispute of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the nonmovant will bear the burden of proof at trial, the movant meets its initial burden by "merely point[ing] to an absence of evidence" supporting the nonmovant's claim. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam). The movant "need not *negate* the elements of the nonmovant's case." *Id.* (first citing *Celotex*, 477 U.S. at 323; and then citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 885–86 (1990)). Nor must the movant "set forth evidence when the nonmovant bears the burden of persuasion at trial," *Wease v. Ocwen Loan Serv., L.L.C.*, 915 F.3d 987, 997 (5th Cir. 2019). If the movant "fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." *Little*, 37 F.3d at 1075.

If the movant meets its initial summary-judgment burden, however, the burden shifts to the nonmovant to "identify specific evidence in the summary judgment record demonstrating that there is a dispute of material fact concerning the

ROA.25-30189.13

essential elements of its case for which it will bear the burden of proof at trial." *In re Taxotere (Docetaxel) Prod. Liab. Litig.*, 994 F.3d 704, 708 (5th Cir. 2021) (first citing FED. R. CIV. P. 56(a) & (e); and then citing *Celotex*, 477 U.S. at 324). "Speculative theories cannot defeat a motion for summary judgment." *Guillot ex rel. T.A.G. v. Russell*, 59 F.4th 743, 750 (5th Cir. 2023) (citing *Little*, 37 F.3d at 1075). Nor may a nonmovant "defeat summary judgment with 'conclus[ory] allegations, unsupported assertions, or presentation of only a scintilla of evidence.'" *Flowers v. Wal-Mart Inc.*, 79 F.4th 449, 452 (5th Cir. 2023) (quoting *McFaul v. Valenzuela*, 684 F.3d 564, 571 (5th Cir. 2012)). "Instead, the nonmovant must go beyond the pleadings and designate specific facts that prove that a genuine [dispute] of material fact exists." *Id.* (citing *Little*, 37 F.3d at 1075). If the nonmovant "fails to meet this burden, the motion for summary judgment *must* be granted." *Little*, 37 F.3d at 1076 (emphasis added).

In reviewing the summary-judgment record, the Court draws all reasonable inferences in favor of the nonmovant. *See Vote.Org v. Callanen*, 89 F.4th 459, 469 (5th Cir. 2023) (quoting *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000)). And the Court "resolve[s] factual controversies in favor of the nonmoving party, but only where there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little*, 37 F.3d at 1075.

ROA.25-30189.14

### III.  GOVERNING LAW

"As a matter of federal maritime law, choice-of-law provisions in maritime contracts are presumptively enforceable." G*reat Lakes Ins. SE v. Raiders Retreat Realty Co.*, 60 U.S. 65, 76 (2024). But there are two "narrow" exceptions when choice-of-law clauses are not enforceable. *Id.* The first is "when the chosen law would contravene a controlling federal statute." *Id.* The second is when the chosen law would "conflict with an established federal maritime law." *Id.*  Here, no party contends either exception applies. So the Court enforces the choice-of-law provision.

Under that choice-of-law provision, the Court's interpretation of the policy is "governed by the federal maritime common law of the United States or, in the absence of controlling federal maritime common law of the United States, the law of the state of New York, irrespective of any principles of choice of law."[22] The parties do not identify any "federal maritime common law" that "control[s]" the Court's interpretation of this cargo-insurance policy.[23] So the Court applies New York law.

Under New York law, "insurance contracts are subject to the general rules of contract interpretation." *J.P. Morgan Secs., Inc. v. Vigilant Ins. Co.*, 183 N.E.3d 443, 447 (N.Y. 2021). "Like other agreements, insurance contracts are typically enforced as written; absent a violation of public policy, parties to an insurance agreement may generally contract as they wish and the courts will enforce their agreements." *Id.*

---

[22] *Id.* at 28 ¶ 69.
[23] *See, e.g.*, ECF No. 20-2 at 6 (Royal White asserting that "[t]here is no specific federal rule governing construction of maritime insurance contracts"); *id.* (Royal White agreeing that "what law governs is inconsequential"); ECF No. 30-1 at 7–12 (Liberty Mutual applying New York law to interpret the policy).

ROA.25-30189.15

(quotation and citation omitted). "In determining a coverage dispute," courts applying New York law "look to the specific language used in the relevant policies." *Id.* (citations omitted). Courts interpret insurance policies under New York law "according to common speech and consistent with the reasonable expectation of the average insured at the time of contracting, with any ambiguities construed against the insurer and in favor of the insured." *Id.* (quotation and citation omitted).

When interpreting an insurance policy under New York law, "the initial question for the court on a motion for summary judgment is 'whether the contract is unambiguous with respect to the question disputed by the parties.'" *SCW West LLC v. Westport Ins. Corp.*, 856 F. Supp. 2d 514, 524 (E.D.N.Y. 2012) (quoting *Int'l Multifoods Corp. v. Commercial Union Ins. Co.*, 309 F.3d 76, 83 (2d Cir. 2002)). A contract is ambiguous if its terms "could suggest more than one meaning when viewed objectively by a reasonably intelligent person who has examined the context of the entire integrated agreement and who is cognizant of the customs, practices, usages and terminology as generally understood in the particular trade or business." *Int'l Multifoods*, 309 F.3d at 83 (quotation and citations omitted). "The language of a contract is not made ambiguous simply because the parties urge different interpretations." *Seiden Assocs., Inc. v. ANC Holdings, Inc.*, 959 F.2d 425, 428 (2d Cir. 1992). No party contends the language of the policy is ambiguous. So the Court considers the policy unambiguous in all relevant respects and proceeds to apply its plain language to the demurrage-coverage question the cross-motions for summary judgment raise.

ROA.25-30189.16

## IV.   ANALYSIS[24]

The cross-motions for summary judgment raise one purely legal question of contract interpretation: Does Liberty Mutual's policy cover the demurrage assessed against Royal White? It does not. The policy unambiguously excludes coverage for "expense arising from delay."[25] And the demurrage assessed against Royal White is an "expense arising from delay."[26] So the Court grants Liberty Mutual's motion for summary judgment and denies Royal White's motion for partial summary judgment.

The policy is an all-risk policy. That means "losses caused by any fortuitous peril not specifically excluded under the policy will be covered." *Parks Real Est. Purchasing Grp. v. St. Paul Fire & Marine Ins. Co.*, 472 F.3d 33, 41 (2d Cir. 2006) (citation and alterations omitted). As the all-risk insured, Royal White "has the burden of establishing a *prima facie* case for recovery by showing: (1) the existence of an all-risk policy, (2) an insurable interest in the subject of the insurance contract, and (3) the fortuitous loss of the covered property." *Int'l Multifoods Corp.*, 309 F.3d at 83 (quotation and citations omitted). The Court assumes without deciding that Royal White has made a *prima facie* case for coverage by meeting these requirements.

---

[24] Because this case comes to the Court on cross-motions for summary judgment, the Court ordinarily would "review each motion independently, viewing the evidence and inferences in the light most favorable to the nonmoving party." *Miller v. Reliance Standard Life Ins. Co.*, 999 F.3d 820, 283 (5th Cir. 2021) (quotation and citation omitted)). But the parties agree that the material facts are essentially undisputed and that the cross-motions raise only questions of law. So the Court conducts a singular analysis of the demurrage-coverage question and the parties' competing arguments.

[25] ECF No. 16-1 at 20 ¶ 40.

[26] *Id.*

ROA.25-30189.17

"Once an insured has met its burden of establishing a *prima facie* case, the burden shifts to the insurer to establish that an exclusion or exception to coverage applies." *Fabrique Innovations, Inc. v. Fed. Ins. Co.*, 354 F. Supp. 3d 340, 349 (S.D.N.Y. 2019), *aff'd* 853 F. App'x 709 (2d Cir. 2021). Here, because the Court has assumed *arguendo* that Royal White has made a *prima facie* case, the burden shifts to Liberty Mutual to show that an exclusion bars coverage for the demurrage. *See id.*

Liberty Mutual has met that burden. The policy's delay-and-inherent-vice provision unambiguously excludes coverage for the demurrage assessed against Royal White.[27] As relevant here, that delay-and-inherent-vice provision expressly excludes coverage for "expense arising from delay, whether caused by a peril insured against or otherwise . . . ."[28] For their part, the parties have not briefed what "arising from" means, but the Court interprets that phrase to share the meaning New York courts have assigned the phrase "arising out of." Under New York law, "arising out of" means "originating from, incident to, or having connection with." *Maroney v. New York Cent. Mut. Fire Ins. Co.*, 839 N.E.2d 886, 889 (N.Y. 2005) (quotation and citation omitted). Applying that understanding to the phrase "arising from" under the policy, the Court concludes that an expense "aris[es] from" delay within the meaning of the policy's delay-and-inherent-vice exclusion if the expense "originat[es] from, [is] incident to, or ha[s] connection with" delay. *Id.* (quotation and citation omitted).

---

[27] Because the Court concludes that the policy's delay-and-inherent-vice provision unambiguously excludes coverage for the demurrage charges assessed against Royal White, the Court need not consider the other provisions on which Liberty Mutual relies. *See* ECF No. 25 at 2–3 (invoking the "Warehouse to Warehouse and Marine Extension Clause," the endorsement entitled "Strikes, Riots & Civil Commotions," and the endorsement entitled "Section 1 War Risk Policy").

[28] ECF No. 16-1 at 20 ¶ 40.

10

ROA.25-30189.18

The demurrage assessed against Royal White is an "expense" that "aris[es] from" delay and so is excluded from coverage. Royal White was assessed demurrage because the vessel was held at the dock—*i.e.*, delayed—in Houston while Royal White cleaned up the cement that had spilled inside the vessel.[29] Royal White acknowledges that the "delay cleaning up the mess in Houston caused Royal White[ ] to be charged for demurrage" under the charter party.[30] That demurrage necessarily "originat[es] from, [is] incident to, or ha[s] connection with" delay, *id.* (quotation and citation omitted), because "[d]emurrage is a type of charge for delays." *Maersk Line A/S v. Carew*, 588 F. Supp. 3d 493, 500 (S.D.N.Y. 2022) (citation omitted). Indeed, demurrage by definition results from delay. *See, e.g.*, *Demurrage*, BLACK'S LAW DICTIONARY (12th ed. 2024) ("Liquidated damages owed by a charterer to a shipowner for the charterer's failure to load or unload cargo by the agreed time."); *Demurrage*, OXFORD DICTIONARY OF ENGLISH (3d ed. 2010) ("[A] charge payable to the owner of a chartered ship on failure to load or discharge the ship within the time agreed."). So it is unsurprising that courts consistently define demurrage in terms of delay. *See, e.g.*, *Ingram Barge Co. v. Zen-Noh Grain Corp.*, 3 F.4th 275, 278 (6th Cir. 2021) (defining demurrage as "penalties related to delayed loading or unloading of goods" (quotation omitted)); *Venus Lines Agency, Inc. v. CVG In*, 234 F.3d 1225, 1228 n.2 (11th Cir. 2000) (defining demurrage similarly); *Trans-Asiatic Oil Ltd., S.A. v. Apex Oil Co.*, 804 F.2d 773, 774 n.1 (1st Cir. 1986) (defining demurrage as "a penalty imposed on a charterer of a vessel . . . for delays in loading or unloading the ship's cargo").

---

[29] ECF No. 30-3 at ¶ 15; ECF No. 37-1 at ¶ 15; *see also* ECF No. 20-5 at 1–2 (demurrage invoice).
[30] ECF No. 20-2 at 2.

11

ROA.25-30189.19

The Court's interpretation of the policy accords with fundamentals of New York contract interpretation. "A court may not interpret an insurance contract in a way that leaves part of the contract meaningless." *Northwell Health, Inc. v. Lexington Ins. Co.*, 550 F. Supp. 3d 108, 121 (S.D.N.Y. 2021) (citation omitted). Were the Court to adopt Royal White's reading and thus interpret the delay-and-inherent-vice exclusion not to exclude coverage for demurrage as an "expense arising from delay," the policy's separate, limited expansion of coverage for demurrage would prove meaningless.[31] Indeed, if the policy did not generally exclude coverage for demurrage, there would have been no reason to include paragraph 52's carve-out creating coverage for demurrage in the limited and specific circumstance in which demurrage is assessed for the late return of containers retained at Liberty Mutual's instruction.[32]

Accordingly, because the policy unambiguously excludes coverage for "expense arising from delay,"[33] and because the demurrage assessed against Royal White is an "expense arising from delay,"[34] the policy does not cover that demurrage.

Royal White's principal counterarguments fail to persuade. First, it is immaterial that the delay that led to the demurrage was itself caused by a covered risk—*i.e.*, the spilled cement-bag cargo—because the policy expressly excludes "expense arising from delay, *whether caused by a peril insured against or otherwise*."[35]

---

[31] ECF No. 16-1 at 23 ¶ 52.

[32] *Id.*

[33] *Id.* at ¶ 40.

[34] *Id.*

[35] *Id.* (emphasis added). Because the terms of the policy expressly exclude coverage for even those delay-based expenses that are themselves caused by a covered loss, Royal White's invocation of causation-focused cases like *Blaine Richards & Co. v. Marine Indemnity Ins. Co.*, 635 F.2d 1051, 1054–55 (2d Cir. 1980), *Lanasa Fruit Steamship & Importing Co. v. Universal Ins. Co.*, 302 U.S. 556, 562–

12

Second, the demurrage is not covered as a sue-and-labor expense. The purpose of a sue-and-labor clause is "to reimburse the assured for . . . expenditures which are made primarily for the benefit of the underwriter either to reduce or eliminate a covered loss altogether." *Reliance Ins. Co. v. The Escapade*, 280 F.2d 482, 488 (5th Cir. 1960). The duty to reimburse an insured for sue-and-labor expenses is not triggered unless the loss is one "for which the underwriter would be liable." *Id.* Put differently, if the policy does not cover the loss, there is no duty to reimburse the insured for sue-and-labor expenses linked to that loss. *See Collins v. A.B.C. Marine Towing, L.L.C.*, No. 14-CV-1900, 2015 WL 5797793, at *5 (E.D. La. Oct. 2, 2015) (Fallon, J.). That is because sue-and-labor clauses do not "operate as an enlargement of the perils underwritten against." *Continental Food Prods., Inc. v. Ins. Co. of N. Am.*, 554 F.2d 834, 837 (5th Cir. 1977). The upshot is that an insurer  need not reimburse an insured under a sue-and-labor clause "where the policy . . . does not afford coverage." *Id.* Just so here. The policy's delay-and-inherent-vice provision unambiguously excludes coverage for the demurrage assessed against Royal White. So, because the policy does not cover that demurrage, and because the sue-and-labor clause cannot create coverage that does not otherwise exist under the policy, the sue-and-labor clause does not cover the demurrage assessed against Royal White.[36]

---

63 (1938), and *Commodities Reserve Co. v. St. Paul Fire & Marine Ins. Co.*, 879 F.2d 640, 642 (9th Cir. 1989), does not change the Court's analysis or the result on the demurrage-coverage question.

[36] No party (1) identifies any interpretive rules or other relevant principles that are rooted in New York law (rather than federal law) that govern sue-and-labor clauses, specifically; or (2) contends that the Fifth Circuit's treatment of sue-and-labor clauses under federal law differs from the treatment of sue-and-labor clauses under New York law (assuming a New York-law-specific approach to sue-and-labor clauses even exists). In all events, Royal White admits that "what law governs is inconsequential," ECF No. 20-2 at 6, and Royal White relies in part on Fifth Circuit precedent to advance its arguments under the sue-and-labor clause. *Id.* at 8 (citing *Reliance Ins. Co.*, 280 F.2d 482).

ROA.25-30189.21

Finally, Royal White's principal cases do not persuade the Court that the policy covers the demurrage assessed against it despite the policy's unambiguous exclusion of expenses arising from delay—even if caused by a covered peril. The first of Royal White's cases—*AGCS Marine Insurance Company v. World Fuel Services, Inc.*—does not compel the Court to conclude that the policy covers the demurrage assessed against Royal White. There, no party raised a delay exclusion like the one raised here. 220 F. Supp. 3d 431, 440 (S.D.N.Y. 2016). Instead, the court merely considered and rejected the insurer's "quite unpersuasive" argument that demurrage was not covered because the policy covered only "physical loss or damage," and demurrage is not "physical loss or damage." *Id.* Royal White's second case, *Ingersoll Milling Machine Co. v. M/V Bodena*, is not instructive for the independent reasons that it does not address coverage for demurrage, and it does not interpret a delay exclusion like the one raised here. 619 F. Supp. 493, 508 (S.D.N.Y. 1985). And Royal White's third and final case, *Armada Supply Inc. v. Wright*, does not move the needle either. 858 F.2d 842 (2d Cir. 1988). There, a panel held that some demurrage expenses were "reasonably or necessarily incurred" under a sue-and-labor clause; however, the panel did not address the antecedent question the Court must address here—whether the demurrage is itself a covered loss under the policy. *Id.* at 853–54.

14

ROA.25-30189.22

## V.     CONCLUSION

Accordingly,

**IT IS ORDERED** that Royal White's motion[37] for partial summary judgment is **DENIED**, and Liberty Mutual's motion[38] for summary judgment is **GRANTED**. Royal White's counterclaim is **DISMISSED WITH PREJUDICE**. A final judgment will follow in accordance with Federal Rule of Civil Procedure 58.

New Orleans, Louisiana, this 24th day of February, 2025.

BRANDON S. LONG
UNITED STATES DISTRICT JUDGE

---

[37] ECF No. 20.
[38] ECF No. 30.

15

ROA.25-30189.23

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**LIBERTY MUTUAL INSURANCE COMPANY**          **CIVIL ACTION**

**VERSUS**                                                         **NO. 23-3258**

**ROYAL WHITE CEMENT, INC.**                          **SECTION "O"**

## JUDGMENT

Considering the Court's order and reasons granting the motion[1] for summary judgment of Plaintiff Liberty Mutual Insurance Company and denying the motion[2] for partial summary judgment of Defendant Royal White Cement, Inc.,

**IT IS ORDERED AND ADJUDGED** that judgment is entered in favor of Liberty Mutual and against Royal White. In accordance with the Declaratory Judgment Act, 28 U.S.C. § 2201(a), the Court **DECLARES** that (1) Liberty Mutual's marine-cargo-insurance policy[3] does not provide coverage for the demurrage charges assessed against Royal White; and (2) no amounts are owed by Liberty Mutual to Royal White for demurrage under that policy.[4] Each party will bear its own costs.

New Orleans, Louisiana, this 24th day of February, 2025.

_____
BRANDON S. LONG
UNITED STATES DISTRICT JUDGE

---

[1] ECF No. 30.
[2] ECF No. 20.
[3] ECF No. 16-1.
[4] *Id.*

ROA.25-30189.24

# Tab 3

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**LIBERTY MUTUAL
INSURANCE COMPANY**

**CIVIL ACTION NO: 23-cv-03258**

**DISTRICT JUDGE, SECTION 'O'**

**VERSUS**

**HON. BRANDON S. LONG**

**ROYAL WHITE CEMENT, INC.**

**MAGISTRATE JUDGE
HON. DONNA PHILLIPS CURRAULT**

### NOTICE OF APPEAL

Notice is hereby given that defendant and plaintiff-in-counter-claim Royal White Cement, Inc. appeals to the United States Court of Appeals for the Fifth Circuit from this Court's judgment dated February 24, 2025, Rec. Doc. 58, granting judgment in favor of plaintiff Liberty Mutual Insurance Company and against Royal White Cement, as well as all other orders, rulings and decrees leading up to and related to that judgment that are adverse to Royal White Cement, Inc.

**DATED**: March 24, 2025

Respectfully submitted:


*/s/ Cayce Peterson*
CAYCE PETERSON (LA Bar #32217)
JEFF GREEN (LA Bar #30531)
**JJC Law LLC**
3914 Canal St.
New Orleans, Louisiana 70119
T: (504) 513-8820
cayce@jjclaw.com
jeff@jjclaw.com

ROA.25-30189.25

**Bohman | Morse, LLC**

/s/Harry E. Morse
HARRY E. MORSE (#31515)
MARTIN S. BOHMAN (#22005)
400 Poydras Street, Suite 2050
New Orleans, LA  70130
Telephone: (504) 930-4009
Fax: (888) 217-2744
E-Mail: Harry@BohmanMorse.com
E-Mail: Martin@BohmanMorse.com
*Attorneys for Royal White Cement, Inc.*

ROA.25-30189.26